FILED

2012 MAY 15  AM 10: 01

CLERK US
SOUTHERN DISTR  OF CALIFORNIA

BY_____DEPUTY

1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| RIGOBERTO ARZATE MIRANDA,<br><br>                                    Petitioner,<br><br><br>                    vs.<br><br><br>UNITED STATES OF AMERICA, et al.,<br><br><br>                                    Respondents. | Civil No.    11-2002 BEN (WMc)<br><br>**ORDER:**<br><br>**(1) DISMISSING 28 U.S.C. § 2241 MOTION**<br><br>**(2) DENYING WITHOUT PREJUDICE MOTION FOR RETURN OF ORIGINAL DOCUMENTS**<br><br>**(3) DENYING AS MOOT MOTION FOR EMERGENCY PUBLICATION INJUNCTION WITH STAY OF DEPORTATION**<br><br>**[Docket Nos. 1, 27, 33]** |

        Presently before the Court is Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Motion for Return of Original Documents, and Motion for Emergency Publication Injunction with Stay of Deportation.  (Docket Nos. 1, 27, 33.)  For the reasons set forth below, the Petition is **DISMISSED**, the Motion for Return of Original Documents is **DENIED WITHOUT PREJUDICE**, and the Motion for Emergency Publication Injunction with Stay of Deportation is **DENIED AS MOOT**.

## BACKGROUND

        On February 23, 2007, Petitioner Rigoberto Arzate Miranda attempted to enter the United States from Mexico through the San Ysidro Port of Entry pedestrian primary lane.  In an attempt to gain admission to the United States, Petitioner presented a valid I-551 (Permanent Resident Card) bearing

1  the name and likeness of another individual, Jose Lopez-Zavala, to a Customs and Border Protection

2  ("CBP") Officer.  The CBP Officer suspected that Petitioner was not Jose Lopez-Zavala, and referred

3  him to secondary inspection.

4       During secondary inspection, Petitioner was found to be an imposter.  In addition, record checks

5  revealed that Petitioner had a criminal history, was a citizen of Mexico with no lawful right to enter the

6  United States, and was previously deported from the United States in January 2006.  There was no

7  evidence that Petitioner had applied for or received permission to enter the United States since his

8  deportation.  After being advised of his *Miranda* rights, Petitioner admitted that he was a citizen of

9  Mexico without any right to enter the United States, was not the rightful owner of the I-551 Permanent

10  Resident Card he presented, and was deported from the United States in January 2006.

11       On March 7, 2007, an Indictment was filed in the United States District Court for the Southern

12  District of California charging Petitioner with attempted entry after deportation, in violation of 8 U.S.C.

13  §§ 1326(a) and (b).  (Opp., Exh. A.)  A jury trial was held on October 14, 2008.  The jury returned a

14  verdict of guilty on the Indictment.  (*Id.*, Exh. B.)  Petitioner received a sentence of ninety-two months

15  custody, followed by a three-year term of supervised release.  (*Id.*, Exh. C.)  Petitioner appealed his

16  sentence to the Ninth Circuit Court of Appeals.  On February 10, 2010, the Ninth Circuit issued a

17  memorandum decision affirming the sentence and remanding the case to the district court to delete from

18  the judgment the reference to 8 U.S.C. § 1326(b).  (*Id.*, Exh. D.)  On March 29, 2010, the district court

19  filed a Judgment After Remand, correcting the judgment by removing the reference to § 1326(b).  (*Id.*,

20  Exh. E.)  Petitioner is currently serving his sentence in the United States Penitentiary Big Sandy, in Inez,

21  Kentucky.

22       Petitioner brought the present petition for habeas corpus on August 29, 2011.  (Docket No. 1.)

23  On January 16, 2012, Respondent filed an opposition to the Petition.  (Docket No. 28.)  Petitioner filed

24  a traverse on February 17, 2012.  (Docket No. 31.)  Also before the Court is Petitioner's Motion for

25  Return of Original Documents (Docket No. 27) and Motion for Emergency Publication Injunction with

26  Stay of Deportation (Docket No. 33).  Each motion will be addressed in turn.

27  *///*

28

11cv2002

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DISCUSSION

### I.   PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

Petitioner argues that (1) his confrontation rights were violated because he was denied the opportunity to call witnesses at the preliminary hearing where he was arraigned on an Indictment; (2) his right to a speedy trial was violated; (3) his counsel was ineffective; and (4) his prior deportation was invalid. Each of these grounds for relief will be addressed in turn.

#### A.   Grounds 1, 2, and 3

"[P]etitions that challenge the manner, location, or conditions of a sentence's execution" must be brought pursuant to 28 U.S.C. § 2241 in the custodial court. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). In contrast, motions that contest the legality of a sentence must be brought pursuant to 28 U.S.C. § 2255 in the sentencing court. *Id.* "A federal prisoner who is claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States may file a § 2255 motion with the district court that imposed the sentence." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011) (internal quotation marks and citation omitted). Section 2255 generally provides the exclusive procedural mechanism by which a federal prisoner may challenge the legality of a sentence. *Id.*

In the present case, Petitioner is a federal prisoner who claims the right to be released upon the ground that the sentence was imposed in violation of the United States Constitution and the laws of the United States. Specifically, Petitioner argues that (1) his confrontation rights were violated because he was denied the opportunity to call witnesses at the preliminary hearing where he was arraigned on an Indictment; (2) his right to a speedy trial was violated; and (3) his counsel was ineffective. Petitioner filed his petition under § 2241. However, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention. *Id.*

A federal prisoner may file a petition under § 2241 if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). A petition meets this "escape hatch" where the petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks

1   omitted).  This is a narrow exception.  *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003).  Here,

2   Petitioner has not attempted to show that he satisfied this exception as to allow for the filing of the

3   petition under § 2241.

4           Pro se complaints and motions filed by prisoners are to be liberally construed.  *United States v.*

5   *Seesing*, 234 F.3d 456, 462 (9th Cir. 2000).  Accordingly, pro se prisoner motions are sometimes

6   recharacterized as motions under 28 U.S.C. § 2255.  *See United States v. Johnson*, 988 F.2d 941, 943

7   (9th Cir. 1993) (construing motion brought under Federal Rule of Criminal Procedure 35(a) as one under

8   28 U.S.C. § 2255).  However, "[t]he rule of liberal construction and its application to 28 U.S.C. § 2255

9   motions is for the benefit of the pro se prisoner; its rationale loses validity where it is invoked to the

10  prisoner's disadvantage." *United States v. Seesing*, 234 F.3d at 463.  Recharacterizing the motion under

11  § 2241 as a motion under § 2255 can be disadvantageous to a petitioner because under the Antiterrorism

12  and Effective Death Penalty Act ("AEDPA"), the opportunity to file successive motions under 28 U.S.C.

13  § 2255 is strictly limited.  *See* 28 U.S.C. § 2255.  Therefore, if the Court construes the present Petition

14  as brought under § 2255 and then denies it, the possibility that Petitioner may successfully file a § 2255

15  motion in the future is seriously diminished.  *See Seesing*, 234 F.3d at 463.

16          In order to prevent such prejudice to petitioners, the Supreme Court has held:

17
18          [W]hen a court recharacterizes a pro se litigant's motion as a first § 2255 motion . . .
            the district court must notify the pro se litigant that it intends to recharacterize the
            pleading, warn the litigant that this recharacterization means that any subsequent §
19          2255 motion will be subject to the restrictions on "second or successive" motions, and
            provide the litigant an opportunity to withdraw the motion or to amend it so that it
20          contains all the § 2255 claims he believes he has.

21
22  *Castro v. United States*, 540 U.S. 375, 383 (2003); *see also Seesing*, 234 F.3d at 464.  Therefore, the

23  Petition should not be construed as a § 2255 motion without first warning Petitioner that such treatment

24  would mean that any subsequent § 2255 motion will be subject to the restrictions on "second or

    successive" motions.

25          Accordingly, the Court declines to construe the Petition as a § 2255 motion.  Grounds 1, 2, and

26  3 are hereby **DISMISSED** without prejudice to Petitioner re-filing them as a § 2255 motion.  Petitioner

27  is cautioned that if he re-files his claims as a § 2255 motion, his claims may be time-barred.  The Court

28  entered the Amended Judgment on March 29, 2010, but Petitioner did not file the Petition until August

29, 2011, more than one year later. (Opp., Exh. E; Petition.) If Petitioner elects to re-file his motion under 28 U.S.C. § 2255, Petitioner must show why the Petition is not barred by the one-year statute of limitations for federal prisoners to collaterally attack their sentence established by AEDPA. *See* 28 U.S.C. § 2255(f); *United States v. Garcia*, 210 F.3d 1058, 1059 (9th Cir. 2000).

## B.    Ground 4

In Ground 4, Petitioner challenges the validity of his prior deportation.  Judicial review of removal orders and deportations is governed by 8 U.S.C. § 1252, as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005).  Under the REAL ID Act, any challenge to Petitioner's previous deportation must be directed to the applicable court of appeals:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of Title 28.

8 U.S.C. § 1252(a)(5) (emphasis added).  Petitioner, therefore, may not challenge through § 2241 his past deportation in this Court. *See Iasu v. Smith*, 511 F.3d 881, 886-87 (9th Cir. 2007); *see also Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005).  Ground 4 is **DISMISSED** for lack of jurisdiction.  If Petitioner wishes to challenge his past deportation, he must bring such a challenge in the Ninth Circuit Court of Appeals.

## C.    Request for Hearing

No hearing is required where, as here, the record conclusively establishes that the petitioner is not entitled to habeas corpus under 28 U.S.C. § 2241. *See Anderson v. United States*, 898 F.2d 751, 753 (9th Cir. 1990).

## II.    MOTION FOR RETURN OF ORIGINAL DOCUMENTS

Petitioner has requested that the Court return to Petitioner many of the original documents filed in this action.  (Docket No. 27.)  Petitioner's request is **DENIED WITHOUT PREJUDICE**.

///

///

11cv2002

1    **III.    MOTION FOR EMERGENCY PUBLICATION INJUNCTION WITH STAY OF DEPORTATION**

2    Petitioner has filed a Motion for Emergency Publication Injunction with Stay of Deportation

3    (Docket No. 33) and an Amended Pleading to Petitioner's Motion for Emergency Publication Injunction

4    with Stay of Deportation (Docket No. 35). As Petitioner's Petition is dismissed, Petitioner's Motion for

5    Emergency Publication Injunction with Stay of Deportation (Docket No. 33) is **DENIED AS MOOT**.

6    **CONCLUSION**

7    For the foregoing reasons, Grounds 1, 2, and 3 of the Petition are **DISMISSED WITHOUT**

8    **PREJUDICE** to Petitioner re-filing the motion under § 2255. Ground 4 of the Petition is **DISMISSED**

9    for lack of jurisdiction.

10   In addition, the Motion for Return of Original Documents is **DENIED WITHOUT**

11   **PREJUDICE** and the Motion for Emergency Publication Injunction with Stay of Deportation is

12   **DENIED AS MOOT**.

13   **IT IS SO ORDERED**.

14

15   DATED: May __, 2012

16                                         HON. ROGER T. BENITEZ
                                           United States District Court Judge

17

18

19

20

21

22

23

24

25

26

27

28